UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RANDY WILLIAM NORMAN,<br>    *Plaintiff*,<br>    *v.*<br>DANIEL C. ETSY, *et al.*,<br>    *Defendants*. | Civil No. 3:13cv1842 (JBA)<br><br>January 28, 2014 |

**RULING DENYING PLAINTIFF'S MOTION FOR
A TEMPORARY RESTRAINING ORDER**

On January 23, 2014, pro se Plaintiff Randy William Norman filed [Doc. # 15] an "affidavit," seeking a "restraining order and preliminary injunction to stop Law day to my entire Affidavit have to be answered by the plaintiff [*sic*]."  For the reasons that follow, Plaintiff's motion for a temporary restraining order is denied.

Plaintiff's Amended Complaint [Doc. # 12] appears to state claims against various defendants, including a state court judge, for fraud and violations of various statutory and constitutional rights arising from a state court proceeding in which Plaintiff and the condominium association of which he was the president were sued.  (*See* Sept. 30, 2013 Hr'g Tr., *The Metropolitan District v. Huntington Manor Condo. Assoc., Inc., et al.* HHD-CV13-6044586-S, Ex. D to Compl. [Doc. # 12-2] at 1; *see also* Ruling on Pl.'s Mot. for Leave to Proceed *In Forma Pauperis* [Doc. # 11] at 3.)[1]

---

[1] The publicly available Superior Court docket does not reveal further details about this lawsuit, but on October 22, 2013, a temporary receiver was appointed and judgment without trial was entered against an unspecified party.  In his "Affidavit," Plaintiff also seeks a temporary restraining order and preliminary injunction "requiring Defendant the Federal Trade Commission to enforce the Commission's consent order in . . . the Matter." (Pl.'s Aff. at 1.)  The FTC does not appear to be a party to the state court

The Court has discretion to issue a temporary restraining order where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). Plaintiff has made no showing of "immediate and irreparable injury" nor has he certified in writing any effort to give notice to Defendants. Accordingly, Plaintiff's motion [Doc. # 15] for a temporary restraining order is DENIED, and the relief sought will be considered as a motion for a preliminary injunction after service of the summons and Complaint and pleadings on Defendants. *See* Fed. R. Civ. P. 4(m).[2]

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 28th day of January, 2014.

---

action, and is not a party to this action. It is unclear what consent order is referred to here.

[2] The Docket for this case reveals that on January 16, 2014, the Clerk of the Court sent Plaintiff the forms required for the United States Marshall to serve Defendants. (*See* Notice to *In Forma Pauperis* Litigants [Doc. # 14]); *see also* Fed. R. Civ. P. 4(c)(3).